IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALVINO L. MENDOZA, JR., #1768113 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv391 |
| MEDICAL UNIT, MICHAEL UNIT, ET AL. | § | |

<u>ORDER OF DISMISSAL</u>

Plaintiff Alvino Mendoza, Jr., a prisoner confined at Michael Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Michael Unit. The case was referred to the United States Magistrate Judge, the Honorable Judge K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for disposition of the case.

After receiving and evaluating the Court-ordered *Martinez* Report and Plaintiff's response to that Report, on March 13, 2019, Judge Mitchell issued a Report, (Dkt. #17), recommending that Plaintiff's civil rights complaint be dismissed, with prejudice, for Plaintiff's failure to state a claim upon which relief can be granted. Specifically, Judge Mitchell found that Plaintiff's authenticated medical records demonstrated that he failed to state a claim for deliberate indifference to his serious medical needs. Plaintiff has filed timely objections to the Report, (Dkt. #20).

As an initial matter, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Pedro v. Thermo King De Puerto Rico*,

*Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

In his civil rights complaint, Plaintiff argued that several members of the nursing staff at the Michael Unit were deliberately indifferent to his medical needs. Specifically, he argued that he was sent to Palestine Hospital for a procedure after Dr. Wright discovered that his right testicle was swollen and, upon return to his unit, was not given the same medications prescribed by the hospital doctor.

On objection to Judge Mitchell's Report and Recommendation, Plaintiff asserts that (1) he was never notified that he filed a frivolous complaint; (2) the nurses "cover for error"; and that (3) "justice is not presented when it comes to an offender." Plaintiff also describes a separate incident not mentioned in his complaint: He broke his knee in half, but the medical department lost his prescription and never told the unit doctor.

Plaintiff's objections must be overruled. In this case, Plaintiff raised arguments concerning treatment of his swollen testicle in March 2016. He did not raise issues concerning a broken knee, rendering those objections without merit. Moreover, Judge Mitchell's Report was a recommendation to which Plaintiff filed objections; therefore, Plaintiff was notified that his complaint was considered frivolous or failed to state a claim.

Moreover, the remaining objections are general in nature. The only portion of the Report to which Plaintiff presents a specific objection is Judge Mitchell's analysis concerning Plaintiff's failure to pick up his medications from the pill window; however, his objection is general and conclusory. Specifically, he maintains that the "nurses cover for error" and "make the patient look wrong." Such objections are conclusory because Plaintiff does not explain how his failure to pick up his prescription amounts to an alleged "coverup." Plaintiff does not identify any other portion

of Judge Mitchell's Report to which he objects, which analyzed Plaintiff's medical records and his response to those medical records.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #20), are overruled. The Report of the United States Magistrate Judge, (Dkt. #17), is **ADOPTED** as the opinion of the District Court. It is also

**ORDERED** that Plaintiff's civil rights complaint is **DISMISSED**, with prejudice, for Plaintiff's failure to state a claim upon which relief can be granted. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED May 13, 2019.**

_____
Ron Clark, Senior District Judge

3